**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-1580**

MARIO TORRES-SEGOVIANO,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A92-889-484)

Submitted: August 6, 2007        Decided: August 21, 2007

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

Petition granted and remanded by unpublished per curiam opinion.

Robert P. Dwoskin, Charlottesville, Virginia, for Petitioner. Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Eric W. Marsteller, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mario Torres-Segoviano, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("Board") affirming, without opinion, the immigration judge's decision ordering him removed to Mexico.

In his petition for review, Torres-Segoviano challenges the immigration judge's finding that his state conviction for possession of cocaine qualified as an aggravated felony.[1] Although the immigration judge concluded that Torres-Segoviano was an aggravated felon in light of our decision in <u>United States v. Wilson</u>, 316 F.3d 506 (4th Cir. 2003), that case was later abrogated by the Supreme Court in <u>Lopez v. Gonzales</u>, 127 S. Ct. 625 (2006) (holding that only a controlled substance violation that is punishable as a felony under the federal Controlled Substances Act can constitute an aggravated felony and finding that it is not enough that the crime is punishable as a felony under state law).

Because it appears that Torres-Segoviano was improperly classified as an aggravated felon,[2] we grant the petition for review and remand to the Board for further proceedings in light of the Supreme Court's holding in <u>Lopez</u>. We dispense with oral

_____

[1]We find that we have jurisdiction to consider this claim pursuant to 8 U.S.C.A. § 1252(a)(2)(D) (West 2005). <u>See</u> <u>Mbea v. Gonzales</u>, 482 F.3d 276, 278 n.1 (4th Cir. 2007).

[2]We, of course, offer no criticism of the Board or immigration judge, which did not have the benefit of <u>Lopez</u> during Torres-Segoviano's removal proceedings.

- 2 -

argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION GRANTED AND REMANDED</u>